RINGLE et al. v. WALLIS IRON WORKS et al.

(Supreme Court, General Term, First Department.  March 15, 1895.)

1. MECHANICS' LIENS—FORECLOSURE—ITEMS NOT DUE.
   The provision of Laws 1885, c. 342, that a lien may be filed in anticipation of work to be done and materials to be furnished, and that an action must be commenced to foreclose the lien within a certain time after it is filed, authorizes a judgment for items which were not due when the action was commenced.

2. DISCONTINUANCE—ENTRY ON CALENDAR.
   The entry on the clerk's day calendar, opposite title of cause, of the word "Discontinued" is not sufficient to show a discontinuance, in the absence of any order or direction given by the court.

Appeal from special term, New York county.

Action by Jacob Ringle and George Ringle against the Wallis Iron Works and the Terminal Warehouse Company to foreclose a mechanic's lien.  There was a judgment in favor of plaintiffs, and defendant the Wallis Iron Works appeals.  Affirmed.

For former reports, see 24 N. Y. Supp. 757, and 28 N. Y. Supp. 107.

Argued before VAN BRUNT, P. J., and O'BRIEN and PARKER, JJ.

W. G. Wilson, for appellant.

T. C. Ennever, for respondents.

VAN BRUNT, P. J.  This action was brought to foreclose a mechanic's lien filed by the plaintiffs, as subcontractors, against certain property belonging to the defendant the Terminal Warehouse Company, known as "Pier No. 57 North River," to secure a sum of money claimed to be due and owing from the defendant and appellant, the Wallis Iron Works, to 'them.  Notice of plaintiffs' lien was filed on the 16th of February, 1892; and this action was begun as to the appellant, the Wallis Iron Works, on the 5th of May, 1892, by summons dated April 26, 1892.  On the 1st of April, 1892, upon the Wallis Iron Works giving a bond, an order was made discharging and canceling the lien of record.  It is claimed that on the 6th of March, 1892, this action was discontinued as to the Terminal Warehouse Company, because of an entry upon the clerk's day calendar of the special term, opposite the title of the cause, of the word "Discontinued."  It is difficult to see how this action could have been discontinued on the 6th of March, 1892, when the summons was not issued until April, 1892.  The defendant the Wallis Iron Works answered on the 20th of May, 1892, and the issues presented by the complaint and answer of the Wallis Iron Works were tried at the special term, and a judgment rendered in favor of the plaintiffs; and from the judgment thus entered this appeal is taken.

The grounds which are alleged on this appeal are, first, that no foundation was laid for awarding a lien for any specific sum; that the plaintiff in the action could recover nothing except the amount actually due under this contract at the time of the commencement

of the action. This point is embraced in the second objection raised, to the effect that the court erred in holding that the lien could be enforced for what was not due at the time of filing the notice of lien or at the time of bringing the action. The court held that as there was something due on this contract at the time the action was begun, and as it was for the foreclosure of a mechanic's lien, assimilating in practice to the foreclosure of a mortgage, judgment goes for the entire amount due at the time of the trial.

The first error into which the learned counsel for the appellant seems to have fallen is in not recognizing the fact that a mechanic's lien can be filed under a contract for work to be done or materials to be furnished. Upon an examination of the mechanic's lien law (chapter 342, Laws 1885), it will be seen that statute expressly authorizes a lien to be filed in anticipation of work to be done or materials to be furnished. It further expressly provides that an action must be commenced to foreclose the lien within a certain period after the lien has been filed; and, if a party has been unable to complete his contract within that time, he might lose the benefit of his lien if he could not commence an action and recover for that which was subsequently to become due.

It is urged that the learned court was mistaken in attempting to assimilate the practice in lien cases and the practice in foreclosure cases, to the extent of giving in action to foreclose a mechanic's lien all the remedies which are given in the foreclosure of a mortgage. It is said that the foreclosure of a mortgage is an equitable proceeding, where the equitable rights of the parties are to be considered, and their equities controlled the decree; while the foreclosure of a mechanic's lien, on the contrary, has been held to be and is a strictly statutory proceeding, where the only things to be considered are the strict legal rights of the parties to the controversy. And it is further urged that in foreclosure suits the commencement of the action is not at all necessary to the continuance of the lien; the lien rests upon the mortgage which continues to be valid, whether an action is commenced thereon or not. Upon a consideration of the rights of parties in mechanic's liens and liens obtained by mortgage, it will be seen that in almost all respects they are the same. In the case of the mechanic's lien an action must be commenced or the lien extended within a short period. In the case of a mortgage the action must be commenced in a longer period; but, if it is not commenced within the period allowed by law, the lien of the mortgage, precisely the same as the mechanic's lien, ceases to exist by lapse of time. There was an evident intention in the statute to assimilate the practice in the foreclosure of a mechanic's lien to that of a foreclosure of a mortgage. It was not in the contemplation of the legislature that a mechanic should lose his lien because he was obliged to commence his action before the whole amount of the contract had become due. As in the case of a mortgage, he might commence his action and recover all that was due at the time of the decree. It would seem, therefore, under these circumstances, that the learned court was entirely right in holding that the plaintiffs in this action were entitled to foreclose therein, if any-

thing was due at the time of the commencement of the action, and recover all that had become due up to the time of trial.

It is further urged that the notice of lien contained false statements, which rendered it invalid. The notice of lien stated that, at the time thereof, there was justly due and owing to the claimants the full contract price. This point, however, does not seem to have been raised upon the trial, although it is suggested in the defendants' answer. In the brief of the appellant, our attention is not called to any part of the case in which any such question was presented upon the trial, and we have been unable to find any exception or motion which raises the same.

It is further urged that no judgment can be rendered for a lien after the discontinuance of the suit as against the Terminal Warehouse Company. There does not seem to have been any evidence in the case that the action had been discontinued as to the Terminal Warehouse Company. If we were to overlook the discrepancy in dates, still it does not appear that any order has been made or any direction of the court given for such discontinuance. The mere entry on the special term clerk's day calendar (which is not in any respect a record of the court, but a mere memorandum arranging the business to be transacted in the court) cannot be construed into an order of the court. A direction of this kind, even when entered upon the clerk's minutes, has been repeatedly held not to be equivalent to an order of the court. In the case of a motion for a new trial, although the denial of the motion may appear upon the minutes of the court, yet an order is necessary to bring the same up on appeal. But in this case there does not seem to have been even any entry upon the clerk's minutes, or any record whatever made because the day calendars do not form any part of the records of the court.

Judgment should be affirmed, with costs. All concur.